## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Agreement") is made as of March 14, 2024, by and between, as herein defined, (a) Settlement Class Representative, on behalf of himself and the Settlement Class, and (b) Employment Background Investigations, LLC.[1] This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in the litigation styled *Martinez v. Employment Background Investigations LLC*, No. 1:22-cv-03143-JMC (D. Md.).

### I.    RECITALS

This Agreement is made with reference to and in contemplation of the following:

1.1    Plaintiff filed his Complaint in the Lawsuit on December 6, 2022. In the Complaint, Plaintiff alleges that Employment Background Investigations, LLC ("EBI") willfully and negligently violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, by allegedly failing to provide contemporaneous notice to job applicants when it reported public-record information likely to have an adverse impact on those applicants' ability to obtain employment. Plaintiff asserts that claim, under Section 1681k(a)(1) of the FCRA, on behalf of a nationwide class of job applicants. Plaintiff also asserts an individual claim under Section 1681e(b) of the FCRA, alleging that EBI failed to follow reasonable procedures designed to assure maximum possible accuracy of the information it reported about him. Third, Plaintiff asserts an individual claim under Section 1681i of the FCRA, alleging that EBI failed to reasonably

---

[1] Section II below contains the definitions of capitalized terms utilized herein unless otherwise noted.

1

investigate his dispute regarding information on his EBI report. Plaintiff's Complaint seeks actual, statutory, and/or punitive damages; injunctive relief; and attorneys' fees and costs of suit.

1.2    EBI filed its Answer to the Complaint on February 7, 2023. In its Answer and throughout the Lawsuit, EBI has denied all material allegations, claims, and charges of wrongdoing or liability arising out of any of the conduct alleged, or that could have been alleged in the Lawsuit, and affirmatively states that it had numerous legal and factual defenses to the claims in the Lawsuit and in opposition to class certification. EBI believes that were this Lawsuit to proceed, class certification would be denied and it would prevail on a motion for summary judgment and/or at trial. EBI, however, has agreed to resolve this Lawsuit solely to avoid further fees and expenses and to bring closure to the Lawsuit. This Settlement Agreement constitutes a compromise settlement of disputed claims and shall not be deemed or construed to be an admission or acknowledgment of liability on any allegations or claims asserted in the Lawsuit or which could have been asserted in the Lawsuit.

1.3    After EBI filed its Answer, the Parties engaged in significant fact discovery. Both sides served and responded to written discovery requests and made numerous document productions. The Parties also engaged in a number of meet and confer discussions regarding discovery matters, Plaintiff's claims, and EBI's defenses. After meaningful discovery, the Parties jointly agreed to seek a temporary stay of the litigation to allow them time to conduct a mediation to try to resolve the Lawsuit. The Court granted the Parties' request and entered a stay on June 16, 2023.

1.4    To that end, on August 9, 2023, the Parties engaged in extensive, good faith arm's-length negotiations under the supervision of mediator Rodney Max. The mediation session, along

2

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

with subsequent negotiations between the Parties, resulted in an agreement on the principal terms of a settlement.

 1.5 The Parties recognize the expense and length of proceedings necessary to continue litigation of the Lawsuit through completion of discovery, motion practice, trial, and any appeals. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Complaint and the defenses thereto. Based upon their investigation, discovery, and motion practice, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their best interests and that the Agreement is fair, adequate, and reasonable. The Parties have therefore agreed to settle the claims asserted in the Lawsuit pursuant to the terms and provisions of this Agreement.

 1.6 By entering into this Agreement, it is the desire and intention of the Parties to effect a full, complete, and final settlement and resolution of all existing classwide disputes and claims that relate to or arise out of the facts and claims alleged in the Lawsuit.

 NOW, THEREFORE, in consideration of the promises, covenants, and agreements set forth herein, and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, it is hereby AGREED, subject to the Court's approval as required by Federal Rule of Civil Procedure 23, that each and every Released Claim, as described in Section 7 below, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions:

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

## II.    DEFINITIONS

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1    "Affiliate" means, with respect to any Entity, any other Entity that directly or indirectly controls or is controlled by, or is under common control with, such Entity.  For purposes of this definition, "control" when used with respect to any Entity means an ownership interest of at least twenty-five percent (25%) and/or the power to direct the management and policies of such Entity, directly or indirectly, whether through the ownership of voting securities, by contract, or otherwise.

2.2    "Agreement" or "Settlement Agreement" means this Class Settlement Agreement and Release, including all Exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Lawsuit between them and which is subject to approval by the Court.

2.3    "Automatic Payment" means a $400 payment made to an eligible Automatic Payment Class Member.

2.4    "Automatic Payment Class" or "Automatic Payment Class Member" means all individuals who, between November 17, 2021 and January 31, 2023, were the subject of a consumer report prepared by EBI, on which criminal record information was reported, and where the individual then disputed the inclusion of criminal record information with EBI. EBI estimates there are 824 members of the Automatic Payment Class.

2.5    "EBI" means Employment Background Investigations, LLC.

2.6    "Claim" means a claim submitted by a Settlement Class Member for a Settlement Payment in accordance with the terms of this Agreement.

4

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-BB5BDCC48A46

2.7    "Claim Form" means the agreed upon Claim Form attached as <mark>Exhibit A</mark> to this Agreement, which will be made available in paper and electronic format, and which must be used by Settlement Class Members when submitting a Claim for a Settlement Payment.

2.8    "Claim Form Class" or "Claim Form Class Members" means all individuals who, between November 17, 2021 and March 21, 2022, were the subject of a consumer report prepared by EBI, on which criminal record information was reported. EBI estimates there are 10,988 members of the Claim Form Class.

2.9    "Claim Form Payment" means a payment, to be paid *pro rata* to all Claim Form Class Members who submit a timely Claim Form during the Claims Period. The aggregate amount of these payments shall not exceed $439,200.

2.10    "Claims Period" means the 120-day period during which eligible Claim Form Class Members may submit Claims to the Settlement Administrator.

2.11    "Class Counsel" means Consumer Litigation Associates, P.C. and The Consumer Lawyers PLLC.

2.12    "Class Counsel Attorneys' Fees" means the attorneys' fees and costs Class Counsel may seek in an amount not to exceed 30% of the Settlement Fund, to be separately paid by EBI. The Parties negotiated attorneys' fees and expenses after all other terms were agreed-to and memorialized by the Parties.

2.13    "Class List" means the list to be provided by EBI to the Settlement Administrator which shall contain a list of U.S. consumers identified by EBI as being members of the Automatic Payment Class and the Claim Form Class. To the extent available, the Class List shall also include reasonably available contact information for such consumers (*e.g.*, full name, current address, and email address).

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

2.14    "Class Period" means between November 17, 2021 and January 31, 2023 for the Automatic Payment Class and between November 17, 2021 and March 21, 2022 for the Claim Form Class.

2.15    "Complaint" means Plaintiff's Class Action Complaint, filed in the Lawsuit on December 6, 2022.

2.16    "Court" means the United States District Court, District of Maryland, where the Lawsuit is pending.

2.17    "Effective Date" means the date when all of the conditions set forth in Section 11.1 of this Agreement have occurred.

2.18    "Entity" means any corporation, partnership, limited liability company, association, trust, or other organization of any type.

2.19    "EBI" means Defendant Employment Background Investigations, LLC.

2.20    "EBI's Counsel" means Andrew Schwartz, Gordon Rees Scully Mansukhani LLP.

2.21    "Final Approval" means entry of a Final Approval Order and Judgment.

2.22    "Final Approval Hearing" means the hearing at which the Court will consider the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to approve the Settlement, enter a Final Approval Order and Judgment, and make such rulings as contemplated by this Agreement.

2.23    "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, certifies the Settlement Class, dismisses the Lawsuit with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

Further details regarding the content of the Final Approval Order and Judgment are set forth in Section 8.

2.24    "Judgment" means the Final Approval Order and Judgment.

2.25    "Lawsuit" means the litigation styled *Martinez v. Employment Background Investigations LLC*, No. 1:22-cv-03143-JMC (D. Md.).

2.26    "Notice and Administration Costs" means reasonable costs and expenses incurred by the Settlement Administrator in performing its obligations set forth in Section 5 and otherwise in this Agreement.

2.27    "Objection Deadline" means the deadline, as set forth in the Preliminary Approval Order, by which written objections to the Settlement must be filed with the Court.

2.28    "Opt-Out Deadline" means the deadline, as set forth in the Preliminary Approval Order, by which written requests for exclusion from the Settlement must be postmarked for sending to the Settlement Administrator.

2.29    "Parent" means, with respect to any Entity, any other Entity that owns or controls, directly or indirectly, at least a majority of the securities or other interests that have by their terms ordinary voting power to elect a majority of the board of directors, or a majority of others performing a similar function, of such Entity.

2.30    "Parties" means the Settlement Class Representative, on behalf of himself and the Settlement Class, and EBI.

2.31    "Parties' Counsel" means Class Counsel and EBI's Counsel.

2.32    "Plaintiff" means the Plaintiff and proposed Class Representative who filed the Complaint in the Lawsuit, Joe Martinez.

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

2.33    "Preliminary Approval Order" means an order to be entered by the Court finding that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and concluding that the Court will likely be able to certify the Settlement Class for purposes of entering a Judgment. Further details regarding the content of the Preliminary Approval Order are set forth in Section 8.

2.34    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, obligations, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, statutory, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to:

> **For Members of the Automatic Payment Class** –All claims under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k, and any and all other analogous state law claims, are released.

> **For Members of the Claim Form Class** – All claims under 15 U.S.C. § 1681k, and any and all other analogous state law claims are released. Further, if a person is provided a check or other payment, all claims under 15 U.S.C. § 1681e(b), and any and all other analogous state law claims, also are released.

2.35    "Released Parties" shall include Employment Background Investigations, LLC and each and all of its current or former subsidiaries, affiliates, predecessors, insurers, reinsurers,

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

agents, employees, assigns, officers, officials, directors, attorneys, personal representatives, trustees, and executors.

2.36    "Settlement" means the settlement of the Lawsuit by and between the Parties, and pursuant to the terms and conditions set forth in this Agreement.

2.37    "Settlement Administrator" means, subject to approval by the Court, American Legal Claims Services.  A different Settlement Administrator may be substituted if approved by order of the Court.

2.38    "Settlement Class Members" means any individual within the Settlement Classes.

2.39    "Settlement Class Representative" means the Plaintiff and proposed Settlement Class Representative who filed the Complaint in the Lawsuit, Joe Martinez.

2.40    "Settlement Classes" shall have the meanings set forth in Section 3 below.

2.41    "Settlement Website" means the website to be developed and operated by the Settlement Administrator, which will be accessible to Settlement Class Members and contain relevant Settlement information and documents, notice materials, important dates, and a web-based version of the Claim Form.

2.42    "Subsidiary" means, with respect to any Entity, any other Entity of which the first Entity owns or controls, directly or indirectly, at least a majority of the securities or other interests that have by their terms ordinary voting power to elect a majority of the board of directors, or others performing similar functions, of the other Entity.

2.43    "Successor" means, with respect to a natural person, that person's heirs, successors, and assigns, and, with respect to an Entity, any other Entity that through merger, buyout, assignment, or any other means or transaction, acquires all of the first Entity's duties, rights, obligations, shares, debts, or assets.

DocuSign Envelope ID: CC3ZC2FA-887E-48F8-9FAD-8B5BDCC48A48

2.44   "Unknown Claims" means any and all Released Claims that any Settlement Class

Representative, Automatic Payment Class Member, or Claim Form Class Member does not know

or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her,

might have affected his or her decision(s) with respect to the Settlement.  With respect to any and

all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class

Representative and Settlement Class Members shall have waived any and all provisions, rights,

and benefits conferred by any law of any state or territory of the United States, the District of

Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or

equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

The Settlement Class Representative and Class Counsel acknowledge, and each Settlement Class

Member by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a

key element of the Agreement.

### III.   THE SETTLEMENT CLASSES

3.1   **Settlement Class Definitions.**

(a)   The "Automatic Payment Class" is defined as all individuals who, between
November 17, 2021 and January 31, 2023, were the subject of a consumer
report prepared by Defendant, on which criminal record information was
reported, and where the individual then disputed the inclusion of criminal
record information with EBI.

After a review of its business records, Defendant states that there are
approximately 824 members of the Automatic Payment Class.

10

    (b)    The "Claim Form Class" is defined as all individuals who, between November 17, 2021 and March 21, 2022, were the subject of a consumer report prepared by Defendant, on which criminal record information was reported.

    After a review of its business records, Defendant states that there are approximately 10,988 members of the Claim Form Class, excluding those who are already members of the Automatic Payment Class.

3.2 **Certification Of Settlement Classes For Settlement Purposes Only.** EBI denies that the elements of Federal Rule of Civil Procedure 23 are satisfied for purposes of a litigation class, denies that a litigation class would be manageable, and denies that any litigation class may be certified in the Lawsuit. However, solely for purposes of avoiding the expense and inconvenience of further litigation, EBI does not oppose certification of the Settlement Class for settlement purposes only.

## IV.    SETTLEMENT BENEFITS

4.1 **Monetary Relief.** Eligible members of the Automatic Payment and Claim Form Classes shall be entitled to monetary payments under the Settlement as follows:

    (a)    Automatic Payment Class Members shall be entitled to a one-time Settlement Payment, on a pro rata basis and expected to be a minimum of $400, provided the following conditions are met:

        (i)    The Class Member appears on the Class List for the Automatic Payment Class.

    (b)    Claim Form Class Members shall be entitled to a one-time Settlement Payment, on a pro rata basis and expected to be approximately $400 but which could be less depending on the number of claims submitted, provided the following conditions are met:

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

    (i)    The Class Member timely submits a complete and accurate Claim Form to the Settlement Administrator during the Claims Period; and

    (ii)    The Settlement Class Member appears on the Class List for the Claim Form Class.

(c)    Claims must be submitted electronically by, or postmarked by, the last day of the Claims Period. Claims that are not submitted electronically by, or postmarked by, the last day of the Claims Period are invalid and will be denied by the Settlement Administrator.

(d)    To be valid, a Claim Form must be personally signed by the Settlement Class Member (by physical signature, in the case of a paper Claim Form, or by electronic signature, in the case of a Claim submitted on the Settlement Website).

(e)    Claims that are generated or submitted en masse, through automated technology or otherwise, or that appear to be submitted in bad faith (such as by a credit repair organization) or without the personal involvement of the Settlement Class Member, are invalid and will be denied by the Settlement Administrator. The Settlement Administrator shall have sole discretion to deem such Claims invalid.

4.2    **Settlement Fund.** EBI shall cause the payment of $768,800 to be made into a fund from which Settlement Payments shall be made within thirty (30) calendar days from the Effective Date. The Settlement Fund shall be divided as follows:

(a)    Automatic Payment Settlement Fund – $329,600, to be disbursed as set forth in this Section; and

(b)    Claim Form Settlement Fund – $439,200, to be disbursed as set forth in this Section.

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

4.3    **Claims Process**.

(a)    The Claim Form shall be provided, physically and/or electronically (via link or QR code) in Settlement notices described in Section 5 of this Agreement.

(b)    The Settlement Administrator shall be responsible for receiving Claim Forms (in paper and electronically through the Settlement Website) and, by using the information in the Class List, determining which Claims are valid.

(i)    When necessary, the Settlement Administrator may contact a Claim Form Class Member to reasonably request additional information in order to evaluate a Claim or to complete an incomplete Claim Form.

(c)    During the Claims Period, the Settlement Administrator shall provide the Parties with timely updates (at a cadence agreed upon by the Parties) regarding the total number of Claims, and the total number of valid Claims, received to date.

4.4    **Settlement Payments**.

(a)    For Automatic Payment Class Members, forty (40) calendar days after the Effective Date, the Settlement Administrator shall mail each Automatic Payment Class Member a pro rata payment to be determined by dividing $329,600 by the total number of Automatic Payment Class Members with valid addresses and who did not exclude themselves by submitting a valid opt-out request.

(b)    For Claim Form Class Members:

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

(i)    Following conclusion of the Claims Period, the Settlement Administrator shall promptly notify the Parties of the total number of valid Claims received from Claim Form Class Members.

(ii)    40 calendar days after the Effective Date, the Settlement Administrator shall mail each Claim Form Class Member who submitted a valid Claim an amount equal to the total dollar amount of Settlement Payments to be made under this Agreement (being $439,200 divided by the total number of valid Claims).

## V.    <u>NOTICE AND SETTLEMENT ADMINISTRATION</u>

5.1    **Costs Of Notice And Administration**. EBI shall pay for Notice and Administration Costs incurred by the Settlement Administrator. EBI shall be reimbursed for all costs of notice and administration from any uncashed payments to Settlement Class Members.

5.2    **Settlement Administrator's Duties**. The Parties shall mutually agree, subject to Court approval, on an independent Settlement Administrator. The Parties further agree that, subject to Court approval, they have selected American Legal Claims Services to serve as the Settlement Administrator. The Settlement Administrator shall perform the functions specified in this Agreement and any other functions approved by the Court. In addition to other responsibilities that are described elsewhere in this Agreement, the duties of the Settlement Administrator shall include:

(a)    Providing notice to Settlement Class Members identified on the Class List;

(b)    Receiving, and determining the validity of, all Claims submitted;

(c)    Establishing and maintaining a mailing address for receiving requests for exclusion from Settlement Class Members;

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

(d)      Establishing and maintaining the Settlement Website;

(e)      Responding to Settlement Class Member inquiries;

(f)      Receiving and processing all written requests for exclusion from the Settlement Class Members and providing copies thereof to the Parties' Counsel;

(g)      After the Effective Date, processing and distributing Settlement Payments to Settlement Class Members entitled to Automatic Payments and to those who submitted valid Claims;

(h)      Prior to the Final Approval Hearing, preparing and executing an affidavit to submit to the Court that describes the notice and administration process, including identification of any Class Member(s) who timely and validly requested exclusion from the Settlement Class(es); and

(i)      Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

5.3    **Notice Plan**.  Notice will be provided to Automatic and Claim Form Settlement Class Members as identified on the Class List.  Notice shall consist of:

(a)      <u>Settlement Website Notice</u>.  The Settlement Administrator shall, promptly after entry of a Preliminary Approval Order, establish the Settlement Website containing key information and documents pertaining to the Settlement and the relief to be provided herein.  The Website will include (among other documents and information) a long-form notice in a format to be agreed upon by the Parties and to be presented to the Court for approval.  The Website shall also provide a web-based version of the Claim Form which eligible Settlement Class Members can use to submit the Claim Form electronically.  The Website will remain live through the completion

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

of the Settlement process, and from time to time will be updated to reflect important events in the Settlement process.

    (b)    <u>Direct Mail and Email Notice</u>.  The Settlement Administrator shall, dependent on contact information available in the Class List or otherwise, provide direct mail notice (via U.S. mail) and/or email notice to Automatic Payment and Settlement Class Members. As to Claim Form Settlement Class Members, for those who are sent direct mail notice, a copy of the Claim Form shall be included along with a QR code that links to the online Claim Form available on the Settlement Website.  For email notice, a hyperlink to the online Claim Form shall be included.

    (c)    <u>Reminder Postcard and Email Notice.</u>  Sixty (60) days after the initial Direct Mail and Email Notice, the Settlement Administrator shall, dependent on contact information available in the Class List or otherwise, provide reminder notice via a postcard (U.S. mail) and/or email to those Settlement Class Members who have not yet submitted a Claim Form.  Any postcard notice shall include a QR code that links to the online Claim Form available on the Settlement Website.  For email notice, a hyperlink to the online Claim Form shall be included.

    (d)    <u>Repayment of Notice and Administration Costs.</u> EBI shall be entitled to be reimbursed for all Notice and Administration Costs from uncashed Class Member payments.

    5.4    **Class List**.  Within 30 days after the Court's entry of a Preliminary Approval Order, EBI shall provide the Class List to the Settlement Administrator.

    5.5    Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of duties under this Agreement.

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

5.6     The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement.

## VI.    **ATTORNEYS' FEES**

6.1     **Attorneys' Fees**.   Class Counsel will apply to the Court for Attorneys' Fees incurred in connection with bringing and prosecuting the Lawsuit and effectuating this Settlement. Such request shall not exceed 30% of the Settlement Fund, or $230,640. EBI will pay this amount separately from the Settlement Fund, and will not oppose Class Counsel's request of this amount.

6.2     Payment of any Attorneys' Fees shall occur thirty (30) calendar days after the Effective Date , and shall be paid by EBI, through the Settlement Administrator, via wire payment to Consumer Litigation Associates, P.C., Trust Account.

6.3     The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any requested Attorneys' Fees.  If the Court declines to approve, in whole or in part, any request for Attorneys' Fees, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## VII.    **RELEASES**

7.1     As of the Effective Date, all Settlement Class Members and the Settlement Class Representative, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and Successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, and unconditionally release and discharge any and all Released

Claims against the Released Parties, and any of their current, former, and future Affiliates, Parents, Subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, reinsurers, Successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

7.2     The Parties understand that if the facts upon which this Agreement are based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

7.3     Promptly after the Effective Date, Class Counsel and the Settlement Class Representative shall dismiss with prejudice all claims, actions, or proceedings that are released pursuant to this Agreement.

## VIII.   <u>PRESENTATION TO THE COURT</u>

8.1     **Preliminary Approval**. No later than March 15, 2024, the Settlement Class Representative and Class Counsel shall file this Agreement along with a motion seeking a Preliminary Approval Order pursuant to the requirements of Federal Rule of Civil Procedure 23(e)(1). In addition to finding that the Court will likely be able to approve the Settlement under

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

Federal Rule of Civil Procedure 23(e)(2), and concluding that the Court will likely be able to certify the Settlement Class for purposes of entering a Judgment, the Preliminary Approval Order shall include, among other things:

        (a)      A procedure for Settlement Class Members to object to the Settlement, along with the Objection Deadline;

        (b)      A procedure for Settlement Class Members to request exclusion from the Settlement, along with the Opt-Out Deadline;

        (c)      The date and time of the Final Approval Hearing;

        (d)      Any pertinent information regarding notice to be provided to the Settlement Class;

        (e)      Information on how eligible Settlement Class Members can submit Claims for Settlement Payments, along with the Claims Period; and

        (f)      An order staying all proceedings in the Lawsuit except as may be necessary to implement the Settlement or comply with the terms of this Agreement.

8.2    **Final Approval**.  After entry by the Court of a Preliminary Approval Order, and no later than 30 days before the Final Approval Hearing, Settlement Class Representative shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment.  In addition to finally approving the Settlement, certifying the Settlement Class, and otherwise satisfying the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects, the Final Approval Order and Judgment shall, among other things:

        (a)      Dismiss, on the merits and with prejudice, all claims in the Lawsuit, and enter Judgment thereon;

DocuSign Envelope ID: CC32C2FA-887E-48F8-9FAD-8B5BDCC48A46

(b)      Retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement, which includes, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Parties pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law.

## IX.    OBJECTIONS TO THE SETTLEMENT

9.1      Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order.

9.2      A written objection must include:

(a)      The case name and number of the Lawsuit;

(b)      The name, address, and telephone number of the objecting Class Member.

(c)      If the objecting Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, and telephone number of the attorney;

(d)      A statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(e)      A statement of the specific grounds for the objection; and

(f)      A statement of whether the objecting Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

9.3      In addition to the foregoing requirements, if an objecting Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include the identity of witnesses whom the objecting Settlement Class

DocuSign Envelope ID: CC3ZC2FA-867E-48F8-9FAD-8B5BDCC48A46

Member intends to call to testify at the Final Approval Hearing and a detailed description of any evidence the objecting Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

9.4     Class Members who fails to object to the Settlement in the manner described in this Agreement shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## X.     OPT-OUTS

10.1     Any Class Member who wishes to be excluded from the Classes must submit a written request for exclusion to the Settlement Administrator, submitted or postmarked no later than the Opt-Out Deadline.

10.2     The written request for exclusion must:

(a)     Identify the case name and number of the Lawsuit;

(b)     Identify the name, address, and telephone number of the Class Member seeking exclusion;

(c)     Be personally signed by the Class Member seeking exclusion;

(d)     Include a statement clearly indicating the Class Member's intent to be excluded from the Settlement; and

(e)     Request exclusion only for that one Class Member whose personal signature appears on the request.

10.3     Opt-out requests seeking exclusion on behalf of more than one Class Member shall be deemed invalid by the Settlement Administrator.

DocuSign Envelope ID: CC32C2FA-887E-48F8-9FAD-8B5BDCC48A46

10.4    Any Class Member who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

10.5    Any Class Member who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be part of the Settlement Class upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

## XI.    EFFECTIVE DATE AND TERMINATION

11.1    **Effective Date**. The Effective Date of the Settlement shall be the first business day after all of the following conditions have occurred:

(a)    The Parties execute this Agreement;

(b)    The Court enters a Preliminary Approval Order;

(c)    Notice is provided to the Classes in accordance with the Preliminary Approval Order;

(d)    The Court enters a Final Approval Order and Judgment; and

(e)    The Final Approval Order and Judgment have become final because (i) the time for appeal, petition, rehearing, or other review has expired; (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment are affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has expired.

DocuSign Envelope ID: CC3ZC2FA-867E-48F8-9FAD-8B5BDCC48A46

11.2    **Termination**.  Either Party may elect to terminate this Agreement upon five (5) business days written notice to the other Party if:

(a)    The Parties fail to obtain and maintain a Preliminary Approval Order consistent with the material provisions of this Agreement, and after negotiating in good faith, the Parties are unable to modify the Settlement in a manner to obtain and maintain a Preliminary Approval Order;

(b)    The Court fails to enter a Final Approval Order and Judgment under the provisions of this Agreement;

(c)    The settlement of the Class claims, or the Final Approval Order and Judgment, is not upheld on appeal; or

(d)    The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Agreement.

11.3    **Effect of Termination**.  If this Agreement is terminated under Section 11.2 above, the following shall occur:

(a)    The Parties shall return to the status quo in the Lawsuit as if the Parties had not entered into this Agreement;

(b)    Any Court orders approving certification of the Classes and any other orders entered pursuant to this Agreement shall be null and void and vacated, and shall not be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a future class certification motion in connection with any further proceedings in the Lawsuit or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

(c)      This Agreement shall become null and void, and the fact of this Settlement and that EBI did not oppose certification of the Classes for settlement purposes shall not be used or cited by any person or entity in support of claims or defenses or in support of or in opposition to a future class certification motion in connection with any further proceedings in the Lawsuit or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim.

## XII.    COVENANTS NOT TO SUE

12.1    The Settlement Class Representative covenants and agrees:

(a)      Not to file, commence, prosecute, intervene in, or participate in (as Settlement Class Members or otherwise) any action in any jurisdiction based on or relating to any Released Claim against any of the Released Parties;

(b)      Not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Classes but who requested to be excluded from the Classes, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and

(c)      That the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

## XIII.    REPRESENTATIONS AND WARRANTIES

13.1    Each Party represents that:

(a)      Such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

(b)      Such Party is voluntarily entering into this Agreement as a result of arm's-length negotiations conducted by its counsel;

(c)      Such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

(d)      Such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

(e)      The execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

(f)      Except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Agreement;

(g)      Each of the Parties assumes the risk of mistake as to facts or law;

(h)      This Agreement constitutes a valid, binding, and enforceable agreement; and

(i)      No consent or approval of any person or entity (other than the Court) is necessary for such Party to enter into this Agreement.

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

13.2    The Class Representative represents and warrants that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

13.3    The Class Representative represents and warrants that he has no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

## XIV.   NO ADMISSION OF WRONGDOING

14.1    This Agreement is made for the sole purpose of attempting to consummate a Settlement of the Lawsuit on a classwide basis.  This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense.

14.2    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to this Agreement:

(a)    Shall not be offered or received against EBI as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by EBI with respect to the truth of any fact alleged by the Class Representative or any Class Member or the validity of any claim that has been or could have been asserted in the Lawsuit or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Lawsuit or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of EBI;

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

(b)      Shall not be offered or received against EBI as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by EBI;

(c)      Shall not be offered or received against EBI as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against EBI, in any other civil, criminal, or administrative action, or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      Shall not be construed against EBI as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial in the Lawsuit;

(e)      Shall not be construed as or received in evidence as an admission, concession, or presumption against the Class Representative or any Class Member that any of their claims are without merit, or that any defenses asserted by EBI have any merit, or that damages recoverable in the Lawsuit would not have exceeded the relief provided to the Classes in this Settlement; provided, however, that if this Agreement is approved by the Court, EBI may refer to it to enforce the release of claims granted to it hereunder; and

(f)      Shall not be used by the Class Representative or Class Counsel to argue or present any argument that EBI could not contest class certification and/or proceeding collectively on any grounds if the Lawsuit were to proceed or to establish any of the

DocuSign Envelope ID: CC32C2FA-867E-48F8-9FAD-8B5BDCC48A46

elements of class certification in any litigated certification proceedings, whether in the Lawsuit or in any other judicial proceeding in which EBI is a party.

14.3    The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, any and all state statutes of a similar nature, and the mediation privilege.

14.4    Notwithstanding the foregoing, EBI may use, offer, admit, or refer to this Agreement and to the Settlement reached herein where necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, and as necessary to comply with regulatory and/or disclosure obligations.

## XV.    CAFA NOTICE

15.1    Through the Settlement Administrator, EBI will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Agreement is filed with the Court.

## XVI.    MISCELLANEOUS PROVISIONS

16.1    Further Steps.  The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

16.2    Cooperation.  The Parties (i) acknowledge that it is their intent to consummate this Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

16.3    Fair and Reasonable.  The Parties and the Parties' Counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties. The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

DocuSign Envelope ID: CC32C2FA-887E-48F8-9FAD-8B5BDCC48A46

16.4    <u>Dispute Resolution</u>.  The Parties agree to meet and confer in good faith in regard to any dispute relating to the Settlement or to administration of the Settlement. Any dispute that cannot be resolved by the Parties shall be submitted to the Court for resolution.

16.5    <u>Confidentiality</u>.  The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed until the Agreement is publicly filed in connection with the Class Representative's and Class Counsel's motion seeking a Preliminary Approval Order.  Nothing in this Section shall be construed to preclude Class Counsel from communicating with the Settlement Class Representative.  Further, nothing in this Section shall be construed to preclude EBI or the Released Parties from disclosing information regarding this Settlement with: (a) their accountants, auditors, financial advisors, insurers, and attorneys; (b) their subscribers for business-related purposes; (c) as required by law, statute, rule, regulation, order, or any other requirement or determination of any court, governmental entity or regulatory entity; or (d) as may be authorized by Class Counsel in writing.

16.6    <u>No Publicity.</u>  Class Counsel and the Settlement Class Representative agree not to issue a press release or otherwise notify the media about the terms of the Settlement and further agree not to advertise or market any of the terms of the Settlement through written, recorded, social media or electronic communications except through the Notices described herein and through the Settlement Website.  Class Counsel and Settlement Class Representative further agree that if contacted regarding the Settlement or Lawsuit, they will state only that the Lawsuit exists and has been resolved and, as necessary, direct the person contacting them to the Notices described herein. Class Counsel may, however, note the claims and Settlement resulted in court filings in which they seek to be appointed as Class Counsel or to defend against claims that they are inadequate to act as class counsel, provided that Class Counsel does not identify EBI or its insurance carriers.  This

provision does not prohibit any good faith communications among Class Counsel, Defendant's Counsel, the Released Parties, the Court, the Settlement Administrator, or the Settlement Class.

16.7    Exhibits.  The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

16.8    Entire Agreement.  This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

16.9    Severability.  Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be severable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

16.10    Successors and Assigns.  This Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, Successors, and assigns of the Parties hereto.

16.11    Competency of Parties.  The Parties, and each of them, acknowledge, warrant, represent and agree that in executing and delivering this Agreement, they do so freely, knowingly and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of the Agreement and that such execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

16.12    Modification or Amendment.  No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto, or their Successors.

DocuSign Envelope ID: CC32C2FA-887E-48F8-9FAD-8B5BDCC48A4B

16.13  <u>Drafting</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party.  No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

16.14  <u>Interpretation</u>.  The following rules of interpretation shall apply to this Agreement:

(a)  Definitions apply to the singular and plural forms of each term defined.

(b)  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(c)  Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

16.15  <u>Headings</u>.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

16.16  <u>No Waiver</u>.  The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision.  No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

DocuSign Envelope ID: CC32C2FA-887E-48F8-9FAD-8B5BDCC48A46

16.17    Survival.  The Parties agree that the terms set forth in this Agreement shall survive

the signing of this Agreement.

16.18    Notices/Communications.

(a)    All notices to Class Counsel provided for in this Agreement shall be sent by

e-mail and First Class mail to the following:

Craig C. Marchiando
Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
lenbennett@clalegal.com
craig@clalegal.com

(b)    All notices to EBI or EBI's Counsel provided for in this Agreement shall be

sent by e-mail and First Class mail to the following:

Andrew M. Schwartz
Gordon Rees Scully Mansukhani LLP
Three Logan Square
1717 Arch St., Ste. 610
Philadelphia, PA 19103
amschwartz@grsm.com

(c)    All notices to the Settlement Administrator provided for in this Agreement

shall be sent by e-mail and First Class mail to the following:

[Administrator]
IAmerican Legal Claim Services LLC

(d)    The above notice recipients and addresses designated in this Section may

be changed by written notice posted to the Settlement Website.

16.19    Governing Law.  All terms and conditions of this Agreement shall be governed by

and interpreted according to the laws of Maryland, without reference to its conflict of law

DocuSign Envelope ID: CC3ZC2FA-887E-48F8-9FAD-8B5BDCC48A46

provisions, except to the extent the federal law of the United States requires that federal law governs.

16.20   <u>No Precedential Value</u>.   The Parties agree and acknowledge that this Agreement carries no precedential value.

16.21   <u>Retention of Jurisdiction</u>.   The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.   The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

16.22   <u>Counterparts</u>.   This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it; provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Agreement.   For convenience, the signature page(s) may be collected and annexed to one or more documents to form a complete counterpart.   True and correct photocopies or electronic images (such as PDFs) of executed copies of this Agreement may be treated as originals.

16.23   <u>No Collateral Attack</u>.   The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by

themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement
Class Representative (who has specifically
assented to the terms of this Settlement
Agreement) and the Settlement Class:**

*Craig C. Marchiando*

Name: Craig C. Marchiando
Firm: Consumer Litigation Associates, P.C.
Date: 4/10/2024

Name: Octavio Gomez
Firm: The Consumer Lawyers, PLLC
Date: 4/10/2024

**Employment Background Investigations,
LLC**

*Theresa Neri Strong*

Name:    Theresa Neri Strong
Title:    Interim CFO and Chief Accounting Officer
Date:    4/12/2024