**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**JOE MARTINEZ,** *individually and on*
*behalf of all others similarly situated*,

     **Plaintiff,**

**v.**                                                    **Civil Action No. 1:22-cv-3143**

**EMPLOYMENT BACKGROUND**
**INVESTIGATIONS, LLC,**

     **Defendant.**

_____/

**ORDER GRANTING PLAINTIFF'S UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF**
**ATTORNEYS' FEES AND COSTS, AND DISMISSAL OF CLAIMS WITH PREJUDICE**

     Plaintiff Joe Martinez, individually and on behalf of all Settlement Class Members, by

Counsel, has moved for Final Approval of a class action settlement reached with Defendant

Employment Background Investigations, LLC. The terms and conditions of the proposed

settlement are set forth in the Class Settlement Agreement and Release, filed with the Court on

April 12, 2024 ("Settlement Agreement") as an exhibit to Plaintiff's Motion for Preliminary

Approval of Class Action Settlement ("Preliminary Approval Motion").

     Upon review and consideration of Plaintiff's Final Approval Motion, the Settlement

Agreement, and the exhibits attached to the foregoing, and the arguments of Counsel at the Final

Approval Hearing held on October 29, 2024, it is hereby ORDERED as follows:

     1.    This Final Approval Order incorporates the Settlement Agreement, and the

capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions

given to them in the Settlement Agreement, as if fully set forth in this Order.

2.       The Settlement, on the terms and conditions stated in the Settlement Agreement, is finally approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and the fact that Defendant denies liability and has indicated its intent to vigorously defend the litigation. The Court further finds that the settlement between the Parties was arrived at through arm's-length negotiations and exchange of information by experienced counsel.

## FINAL CERTIFICATION OF SETTLEMENT CLASSES AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

3.       For purposes of finalizing the Settlement, this Court hereby conditionally certifies two Classes for settlement purposes only (the "Settlement Classes"), defined as follows:

The Automatic Payment Class –

All individuals who, between November 17, 2021 and January 31, 2023, were the subject of a consumer report prepared by EBI, on which criminal record information was reported, and where the individual then disputed the inclusion of criminal record information with EBI.

The Claim Form Class –

All individuals who, between November 17, 2021 and March 21, 2022, were the subject of a consumer report prepared by EBI, on which criminal record information was reported.

4.       The Court finds that, for settlement purposes and conditioned upon the entry of this Final Approval Order and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there

are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Classes; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Classes and will continue to do so, and Plaintiff has experienced counsel to represent him; (e) the questions of law and fact common to the Settlement Classes predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action in this case.

5.      The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiff's claims and Defendant's defenses.

6.      If this approval of the Settlement Agreement, is not upheld on appeal, or is otherwise terminated for any reason, then the Settlement Classes shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

7.      For purposes of Settlement only, the Court finds and determines that Plaintiff will fairly and adequately represent the interests of the Settlement Classes in enforcing the rights of the

Settlement Classes in this Action, and thus hereby appoints Joe Martinez as representative of the conditionally certified Settlement Classes ("Class Representative").

8.      For purposes of the Settlement only, the Court appoints as Class Counsel the law firms Consumer Litigation Associates, P.C. and The Consumer Lawyers For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Classes for settlement purposes.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

9.      As the Settlement Agreement is within the range of reasonableness and possible final approval, the Court ordered notice to be provided to the Settlement Classes under the Settlement Agreement. The Court approved the Class Notices submitted with Plaintiff's Preliminary Approval Motion, attached to the Settlement Agreement.

10.      The Court appointed American Legal Claims Services, LLC, as the Settlement Administrator. The Court finds the Settlement Administrator has abided by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator was responsible for, without limitation: (a) disseminating Notice to the Settlement Classes; (b) handling returned e-mail notice and mail delivered to members of the Settlement Classes; (c) receiving and maintaining requests for exclusion from the Settlement Class; (d) fielding inquiries about the Settlement Agreement; (e) establishing a Settlement Website with relevant case documents to which members of the Settlement Class may refer for information about the Settlement; and (f) carrying out such other responsibilities as are provided for in the Settlement Agreement or agreed to by the Parties.

11.    Based on the representations of the Settlement Administrator's Declarant, ECF 58-1, the Court finds that the Settlement Administrator carried out its duties as set forth in the Settlement Agreement.

12.    The Court finds that the Class Notice accompanying Plaintiff's Motion for Preliminary Approval, specifically, and more generally, the notice program described above and set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure.

13.    The Court also finds that the notice program complied with Rule 23(c) as it provides for individual notice to all Settlement Class Members and is thus the best notice practicable under the circumstances. In addition, Settlement Class Members have had access to the Settlement Website for purposes of obtaining additional information about the Settlement.

14.    Class Notice and Settlement administration costs as set forth in the Settlement Agreement shall be paid by Defendant, with the right to reimbursement from unclaimed funds as set forth in the Settlement Agreement.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

15.    The Court is apprised that one individual has requested exclusion from the Settlement. That individual is hereby excluded.

16.    The Court is further apprised that no member of either Class has objected to the Settlement.

17.    The Court further finds that the Settlement Administrator provided the appropriate notice to the attorneys' general as required by the Class Action Fairness Act, and that no governmental entity has commented on or objected to the Settlement.

18.    No member of either Class appeared in-person at the Final Fairness Hearing.

## AWARD OF ATTORNEYS' FEES AND COSTS

19.     Class Counsel requests, and the Defendant does not oppose, an award of attorneys' fees of $230,640, which is equivalent to 30% of the combined Settlement Funds.

20.     This amount will not reduce the Classes' recoveries, as Defendant will separately pay the amount. Class Counsel does not request a separate reimbursement of incurred costs, which amount to $12,207.90.

21.     The Court finds this requested payment of attorneys' fees to be reasonable under the circumstances. Courts in this Circuit regularly award fees as a percentage of the common fund, created by settlement, and this case is unusual in that the amount to be paid for attorneys' fees does not come from the common fund—it is paid over and above it.

22.     The Court is convinced the $230,640 fee is reasonable when cross-checking it against Class Counsel's accumulated lodestar. When combined with the $12,207.90 in costs, the lodestar is $69,122.90, which results in a multiplier of 3.3 to achieve the requested fee. Courts across the country have awarded fees with larger multipliers than this one, and the Court therefore finds it reasonable.

23.     The Court hereby awards the requested attorneys' fees if $230,640 as contemplated by the Settlement Agreement.

## FINAL CONSIDERATIONS

24.     The Court is satisfied that the Settlement remains fair, reasonable, and adequate, and orders the Parties to complete their obligations under the Settlement Agreement, including the creation of the Settlement Fund and payments to Class Members once the claims period closes.

25.     For the continued benefit of the Settlement Classes and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to

the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

26.    Plaintiff's and Class Members' claims are hereby dismissed with prejudice, in accordance with the terms of the Settlement Agreement.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.


_____
                        /s/
J. Mark Coulson
United States Magistrate Judge
Dated:  __October 31,_____, 2024


APPROVED